# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

CHAD LLOYD,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

No. C06-0061

**ORDER**

_____

This matter comes before the court pursuant to petitioner's August 4, 2006, motion for discovery and request for an evidentiary hearing (docket number 5). In this motion, the petitioner asks the court to compel the government to produce all police reports, records, statements, field notes, and any other matter from each person or police officer who entered his residence on March 20, 2002. He seeks an evidentiary hearing as to "whether the government used perjured testimony or otherwise misled the court at Petitioner's suppression hearing in this case."

In his petition pursuant to 28 U.S.C. § 2255, the petitioner contends that the 10.99 grams of methamphetamine seized from his residence was not in plain view. Because this matter has already been litigated before the undersigned magistrate judge, the district judge and the Eighth Circuit Court of Appeals, the petitioner now alleges that his attorney was ineffective for failing to pursue the issue of plain view more vigorously.

The facts of this matter are accurately set forth in this court's Report and Recommendation regarding the petitioner's motion to suppress evidence and the decision of the Eighth Circuit Court of Appeals in United States v. Lloyd, 396 F.3d 948 (8th Cir. 2005). Police came to the defendant's residence to execute a misdemeanor arrest warrant. "A lawful arrest warrant carries with it the authority to enter the residence of the person named in the warrant in order to execute the warrant as long as the officers executing the

warrant had a reasonable belief that the suspect resides at and is currently present at the dwelling." United States v. Lloyd, supra, at 952 (citing Payton v. New York, 445 U.S. 573 (1980). The Eighth Circuit Court of Appeals held that the deputies possessed a reasonable belief that Lloyd was at his residence.

The defendant vigorously challenged the government's assertion that evidence gathered pursuant to a subsequently issued warrant was saved from the exclusionary rule by United States v. Leon, 468 U.S. 897 (1984). In the petitioner's appeal, the Eighth Circuit Court of Appeals did not reach the Leon good faith exception in the case because the search was justified on other grounds. As noted in their opinion, even the defendant conceded that the methamphetamine lab observed by the deputies when they entered with the arrest warrant was in plain view. Lloyd at 954. Lloyd vigorously challenged whether the bowl containing the 10.99 grams of methamphetamine could be observed in plain view or was hidden under a counter. Ultimately, the court found that the methamphetamine was in plain view. Lloyd at 955.

The defendant persuaded one of the circuit judges by his argument that the methamphetamine could not be found in plain view. In a vigorous dissent, Judge Heaney cited the testimony of Nick Hamilton and concluded that the methamphetamine could not have been observed in plain view. He cited testimony from the suppression hearing that had been urged by the defendant in his May 24, 2004, appellant's brief at pages 7-8. Thus, it is clear that his attorney vigorously argued this issue, cited to the relevant portion of the suppression transcript, and was successful in persuading one of the three appellate judges to adopt his argument.

Pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings, a judge may, for good cause, authorize a party to conduct discovery. A party requesting discovery must provide reasons for the request. Here, the petitioner appears to want to simply relitigate the suppression hearing. He perceives a conflict in the testimony between Officers Parks and Hamilton and concludes that one of them must have committed perjury. However, the

record in this matter is exceedingly thorough and the petitioner does not suggest what any additional evidence would show.

For the reasons outlined above, it will be difficult for the petitioner to demonstrate ineffective assistance of counsel in the particular alleged by him. However, the court is convinced that the record is complete and the court is not convinced that production of every report and record concerning the search is either necessary or helpful to the resolution of the petitioner's § 2255 petition.

Upon the foregoing,

IT IS ORDERED

That the petitioner's motion for discovery and an evidentiary hearing (docket number 5) is denied.

September 27, 2006.

_____
JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT